IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CARTER, | Civil Action No. 09 - 66E |
| Petitioner, | |
| v. | District Judge Maurice B. Cohill |
| | Magistrate Judge Susan Paradise Baxter |
| WARDEN J.T. SHARTLE, | |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.       RECOMMENDATION**

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus be transferred forthwith to the United States District Court for the Northern District of Ohio.

**II.      REPORT**

Petitioner, James Carter, a federal prisoner incarcerated at the Elkton Federal Correctional Institution in Elkton, Ohio, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 complaining that the federal Bureau of Prisons (BOP) calculated his sentences incorrectly. Section 2241 constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody. A petition brought under § 2241 challenges the very fact or duration of physical imprisonment, and seeks a determination that the petitioner is entitled to immediate release or a speedier release from that imprisonment. Preiser v. Rodriguez, 411 U.S. 475, 484-86, 500 (1973).

Personal jurisdiction over a § 2241 habeas petition is limited to the district where the petitioner is being held in custody. 28 U.S.C. § 2241(a); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973) (personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner resides); Ahrens v. Clark, 335 U.S. 188 (1948); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994) ("[a] district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district"). Here, Petitioner is confined in the

Federal Correctional Institution at Elton, Ohio and was confined there at the time he filed his Petition.

This Court lacks personal jurisdiction over the Respondent, who is in the territorial jurisdiction of the United States District Court for the Northern District of Ohio. The proper custodian of the Petitioner is the Warden of the Federal Correctional Institution at Elton, Ohio, who resides in the Northern District of Ohio. Habeas jurisdiction as a general matter continues to be in the district where the prisoner was incarcerated at the time the habeas petition was filed.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, transfer of the habeas action to the United States District Court for the Northern District of Ohio would be in the interest of justice. *See* 28 U.S.C. § 1631 (if federal court lacks personal jurisdiction, it "shall transfer" action to court with jurisdiction if doing so is in "interest of justice"); Goldlawr v. Heiman, 369 U.S. 463 (1962); Cruz-Aguilera v. Immigration and Naturalization Serv., 245 F.3d 1070, 1074 (9th Cir.2001); J. Liebman, Federal Habeas Corpus Practice and Procedure § 10.2(c) (1998). Therefore, the Court should transfer Petitioner's § 2241 habeas petition to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1631. *Accord* Hernandez Jaruffe v. Chertoff, Civil No. 07-2253, 2007 W L 1521181 (D.N.J. May 22, 2007); Chavez-Rivas v. Olsen, 194 F.Supp.2d 368, 371 (D.N.J.2002) (observing that "[b]oth the Supreme Court and the Third Circuit have held that the transfer of a habeas petitioner to another judicial district after the filing of a habeas corpus petition does not defeat the original District Court's jurisdiction to entertain the petition")(internal citations omitted).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be transferred forthwith to the United States District Court for the Northern District of Ohio.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to

file timely objections may constitute a waiver of any appellate rights. *See* <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

<u>/s/ Susan Paradise Baxter</u><br>
Susan Paradise Baxter<br>
United States Magistrate Judge

Dated: February 8, 2011

cc: James Carter  
     20116-068  
     Elkton Federal Correctional Institution  
     Inmate Mail/Parcels  
     P.O. BOX 10  
     Elkton, OH 44415